UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-60736-CIV COOKE/BANDSTRA

CHARLOTTE E. NICHOLAS

 *Plaintiff*,

v.

NATIONWIDE CREDIT, INC.,

 *Defendant*.

_____/

**ORDER DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT
AND STAYING CASE**

 THIS CASE is before me on the Defendant's Motion for Summary Judgment [D.E. 21] and the Plaintiff's Motion for Summary Judgment [D.E. 38]. I have reviewed the Parties' arguments, the record, and the relevant legal authorities. For the reasons explained below, both motions for summary judgment are denied and this case is stayed.

**I. BACKGROUND**

 Charlotte E. Nicholas incurred a debt, which she failed to repay. Nationwide Credit, Inc. attempted to collect on Ms. Nicholas' debt. Ms. Nicholas alleges that Nationwide violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Florida Statute section 559.55, *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). Ms. Nicholas' complaint alleges that:

- Count I: Nationwide failed to disclose its status as a debt collector in telephone messages left for Ms. Nicholas in violation of 15 U.S.C. § 1692e(11) of the FDCPA.
- Count II: Nationwide failed to make a meaningful disclosure of its identity by failing to disclose its name and that it was a debt collector and the purpose of the communication in the telephone messages in violation of 15 U.S.C. § 1692d(6) of the FDCPA.

- Count III: Nationwide engaged in telephonic harassment and abuse by causing Ms. Nicholas' telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass in violation of 15 U.S.C. § 1692d(5) of the FDCPA.

- Count IV: Nationwide asserted a legal right to leave repeated telephone messages for Ms. Nicholas without disclosing its name or that it was a debt collector and the purpose of the communication, and by using an automatic telephone dialing system or pre-recorded or artificial voice in placing calls to Ms. Nicholas' cellular telephone without her consent, when all the while it knew that such it has no legal right to engage in these activities, in violation of Florida Statute section 559.72(9) of the FCCPA.

- Count V: Nationwide willfully harassed Ms. Nicholas by leaving repeated telephone messages for Ms. Nicholas without disclosing its name and that it was a debt collector and the purpose of the communication, and by using an automatic telephone dialing system or pre-recorded or artificial voice in placing calls to Ms. Nicholas' cellular telephone without her consent, and by telephoning Ms. Nicholas with such frequency that it could reasonably expected to harass her, in violation of Florida Statute section 559.72(7) of the FCCPA.

- Count VI: Nationwide invaded Ms. Nicholas' right to privacy by intentionally interfering with her solitude and seclusion by attempting to collect a debt through repeated telephone calls to her.[1]

- Count VII: Nationwide placed non-emergency telephone calls to Ms. Nicholas' cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice, without her consent, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) of the TCPA.

- Count VIII: Ms. Nicholas is entitled to a declaration that Nationwide's practices are in violation of the TCPA and the FCCPA, and Ms. Nicholas is entitled to a permanent injunction prohibiting Nationwide from placing non-emergency telephone calls to her

---

[1] Ms. Nicholas has indicated her intent to abandon and withdraw, with prejudice, her tort claim for invasion of privacy as alleged in Count VI. (Pl.'s Mot. for Summ. J. 1 [D.E. 38]). Since Nationwide filed its motion for summary judgment prior to Ms. Nicholas' statement of withdrawal, Ms. Nicholas may not withdraw this claim without a stipulation of dismissal signed by all parties who have appeared, or a court order after a determination by the court that the terms and conditions of the dismissal are proper. Fed. R. Civ. P. 41(a). That being said, I will not address Count VI in this order, as it appears that Ms. Nicholas is no longer prosecuting Count VI.

cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without her consent.

## II. LEGAL STANDARDS

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial . . . [o]nly when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotation marks omitted). Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1984) (stating "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts"). The

Court must view the evidence in the light most favorable to the nonmoving party, and summary judgment is inappropriate where a genuine issue material fact remains. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). Furthermore, the court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied. *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007).

When a court evaluates a communication under the FDCPA, it applies an objective standard to evaluate whether the communication would mislead the least sophisticated consumer, in order to give effect to the FDCPA's purpose of protecting consumers. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir.1985). Courts may assume that the least sophisticated consumer will "possess a rudimentary amount of information about the world" and will not make "unreasonable misinterpretations." *Rivera v. Amalgamated Debt Collection Servs.*, 462 F. Supp. 2d 1223, 1227 (S.D. Fla. 2006) (quotations omitted).

### III.  DISCUSSION

**A.  Counts I & II:  Nationwide's Alleged Violation of 15 U.S.C. §§ 1692e(11) & 1692d(6) of the FDCPA.**

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. In an initial communication with a consumer, a debt collector must disclose that the "debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." 15 U.S.C. § 1692e(11). In any subsequent communications, the debt collector must disclose that the "communication is from a debt collector." *Id.* "The term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(1).

"A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §

1692d.  A debt collector that fails to make a meaningful disclosure of its identity, when making telephone calls to consumers, is deemed to have engaged in harassing, oppressive, or abusive conduct.  15 U.S.C. § 1692d(6).

Ms. Nicholas argues, Nationwide violated 15 U.S.C. §§ 1692e(11) and 1692d(6) when it left telephone messages for her that contained only a name and a call-back number, but failed to mention that the message was from a debt collector attempting to collect a debt.  In response, Nationwide argues first, that due to Ms. Nicholas' failure to disclose the alleged audio recordings of the messages, it is unable to authenticate or refute these allegations.  Nationwide next argues that, even if the audio recordings are authentic, it is entitled to summary judgment on this issue under the "bona fide error" defense set forth in 15 U.S.C. § 1692k(c).  Nationwide contends that it believed, based on the language of the FDCPA laws, that a telephone message that mentioned nothing about collecting a debt, would not be considered a "communication" for purposes of the FDCPA.  *See* 15 U.S.C. § 1692a(1) ("The term 'communication' means the conveying of information regarding a debt . . . .").

As to the first issue, I find that there is a genuine issue over the authenticity and substance of the audio recordings.  Ms. Nicholas ignored my initial order in this case [D.E. 7], of July 1, 2009, and further ignored her obligations under Rule 26 of the Federal Rules of Civil Procedure, which required her to provide to defense counsel with copies of all documents supporting her claim – this clearly includes the audio recordings.  The audio recording were not actually disclosed to Nationwide until January 2010.  (*Compare* Mot. to Compel Audio Recordings [D.E. 49] *with* Notice of Withdrawal of Mot. to Compel Audio Recordings [D.E. 58]).  Nationwide admits that calls were made to Ms. Nicholas on most of the days alleged by her, however Nationwide disputes the authenticity and the substance of the messages.  Accordingly, I find that

a material fact remains at issue and that summary judgment is not appropriate in favor of Ms. Nicholas.

As to Nationwide's bona fide error defense, I find that this case should be stayed pending the Supreme Court's decision on this issue. In August 2008, the Sixth Circuit Court of Appeals, decided the issue of whether the FDCPA's bona fide error defense was limited to clerical errors, or whether it could also be applied to mistakes of law. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 538 F.3d 469, 471 (6th Cir. 2008). The Sixth Circuit concluded "that the FDCPA's bona fide error defense applies to mistakes of law." *Id.* at 476. The Sixth Circuit noted that, "[a]lthough the majority view is that the defense is available for clerical and factual errors only, a growing minority of courts have concluded that mistakes of law can be considered bona fide errors under section 1692k(c)." *Id.* at 473 (internal quotation marks omitted). The Supreme Court granted certiorari on this issue, and heard oral argument on January 13, 2010. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 129 S. Ct. 2863 (2009).

A stay of this matter is appropriate only because there is no controlling Eleventh Circuit precedent on this issue. *See Schwab v. Secretary, Dep't of Corrs.*, 507 F.3d 1297, 1298-99 (11th Cir. 2007) (explaining that a stay is not proper, even when the Supreme Court has granted certiorari on the precise issue of the case, if there is "unequivocal" precedent in the Eleventh Circuit). In this situation, however, there is no controlling precedent in the Eleventh Circuit. The only Eleventh Circuit case to address this issue is *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350 (11th Cir. 2009). *Edwards* is not controlling because in that case the issue was "whether a debt collector is entitled to the bona fide error defense when it intentionally violates one provision of the [FDCPA] in order to avoid the risk of violating another provision [of the Act]." *Id.* at 1352. In this case, Nationwide is claiming that was under the belief that it was not

-6-

violating any provision because, under its reading of the FDCPA, the messages it left did not qualify as a "communication" under the FDCPA.  Because there is no unequivocal Eleventh Circuit precedent, and because it appears that the issue is likely to be resolved by the Supreme Court by the conclusion of its current term, I am staying this case until then.

Although, this case is to be stayed, I must note that even if Nationwide is entitled to rely on the bona fide error defense, it is not entitled to summary judgment on this issue.  While Nationwide has made a legal argument regarding this defense, it has presented no factual evidence that it actually relied on this mistaken belief, or that it maintained any procedures designed to avoid such an error.  *Cf. United States v. Smith*, 918 F.2d 1551, 1562 (11th Cir.1990) ("[S]tatements and arguments of counsel are not evidence."); *cf. also Jerman* 538 F.3d at 476-78.  Accordingly, Nationwide's motion for summary judgment on this issue is denied.

**B.  Counts III & V:  Nationwide's Alleged Violation of 15 U.S.C. § 1692d(5) of the FDCPA and Florida Statute section 559.72(7) of the FCCPA.**

"A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.  A debt collector that causes a person's telephone to ring "repeatedly or continuously with [the] intent to annoy, abuse, or harass" is deemed to have engaged in harassing, oppressive, or abusive conduct.  15 U.S.C. § 1692d(5).  Additionally, a debt collector that engages "any person in telephone conversation repeatedly or continuously with [the] intent to annoy, abuse, or harass" is deemed to have engaged in harassing, oppressive, or abusive conduct.  15 U.S.C. § 1692d(5).

A person collecting consumer debts may not "[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."  Fla. Stat. §

-7-

559.72(7) (2008).

"Ordinarily, whether conduct harasses, oppresses, or abuses will be a question for the jury." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985). Likewise, whether communications are so frequent so as to be reasonably expected to harass "is ordinarily the business of juries, not of judges." *Story v. J. M. Fields, Inc.*, 343 So. 2d 675, 677 (Fla. Dist. Ct. App. 1977). Intent may be established by circumstantial evidence or inferred from a party's actions. *In re Jennings*, 533 F.3d 1333, 1339 (11th Cir. 2008).

Ms. Nicholas contends that Nationwide's fifty-eight telephone messages over an eighty-two day period constitute abusive or harassing behavior, as a matter of law. Nationwide disagrees, arguing that there is no evidence that it intended to harass or annoy Ms. Nicholas, but rather was simply trying to collect on a legitimate debt.

Ms. Nicholas' call log reveals that Nationwide never left more than two messages on any given day, and when two messages were left on the same day, one was on Ms. Nicholas' home line and the other on her cellular line. (Pl.'s S. of Material Facts ¶4 [D.E. 41]). Given these facts, there is a genuine issue as to whether Nationwide's telephone calls to Ms. Nicholas were of such frequency as to reasonably be expected to harass her. There is also a genuine issue as whether Nationwide had the requisite intent to annoy, abuse, or harass Ms. Nicholas. Accordingly, summary judgment is not appropriate on this issue for either party.

**C.  Count IV:  Nationwide's Alleged Violation of Florida Statute section 559.72(9) of the FCCPA.**

A person collecting consumer debts may not "assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9) (2008).

Count IV is predicated on all of Ms. Nicholas' other claims. For example, Ms. Nicholas claims that Nationwide knew that it could not harass her by causing her telephone to repeatedly

or continuously ring with the intent to annoy, abuse, or harass her – so that when Nationwide did that act, it necessarily violated Section 559.72(9).  This rationale applies to similarly to all of Ms. Nicholas' other claims.  Since Ms. Nicholas has not yet proven any of her claims, it follows that she necessarily has not proven this one.  Summary judgment is denied as to Count IV.

### D.  Count VII:  Nationwide's Alleged Violation of 47 U.S.C. § 227(b)(1)(A)(iii).

It is unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call."  47 U.S.C. § 227(b)(1)(A)(iii).

In this case, it is undisputed that Nationwide was not making telephone calls to Ms. Nicholas for emergency purposes.  (*Compare* Pl.'s S. of Material Facts ¶ 9 [D.E. 41] *with* Def.'s Resp. to Pl.'s Mot. for Summ. J. ¶9 [D.E 48]).  It is also not disputed that Nationwide uses an automatic telephone dialing system.  (*Compare* Pl.'s S. of Material Facts ¶ 20 [D.E. 41] *with* Def.'s Resp. to Pl.'s Mot. for Summ. J. ¶20 [D.E 48]).  What is at issue, is whether Nationwide used its automatic telephone dialing system to call Ms. Nicholas' cellular telephone.  Nationwide argues, its own records show that no autodialer calls were made to Ms. Nicholas' cellular telephone.  Ms. Nicholas' asserts that autodialer calls made to a number identified as "other number" in Nationwide's records, were actually made to her cellular telephone.  Nationwide disputes this assertion.

Here, there exists a genuine dispute as to whether Nationwide used an automatic telephone dialing system to telephone Ms. Nicholas' cellular telephone.  Summary judgment is

denied as to this issue.

### E. Count VIII: Ms. Nicholas' Entitlement to a Declaratory Judgment and Permanent Injunction.

Having denied summary judgment as to every other count, it would not be proper to grant Ms. Nicholas' declaratory judgment or to grant a permanent injunction at this time. Summary judgment is therefore denied as to this count as well.

### IV.  CONCLUSION

For the reasons explained above, it is **ORDERED and ADJUDGED** as follows:

**1)** The Plaintiff's Motion for Summary Judgment [D.E. 38] is **DENIED**.

**2)** The Defendant's Motion for Summary Judgment [D.E. 21] is **DENIED**.

**3)** This case is **STAYED** pending the Supreme Court's ruling in the matter of *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 129 S. Ct. 2863 (2009). The Parties shall immediately file a joint brief updating the Court on the status of the Supreme Court's decision once it is released. Unless terminated earlier, this stay will automatically conclude on June 30, 2010.

**4)** This case is reset for the Court's two-week trial period commencing July 19, 2010 at 9:30 a.m., and is further reset for calender call on July 14, 2010 at 3:00 p.m.

**DONE and ORDERED** in chambers, in Miami, Florida, this 8th day of February 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of Record*